MICHAEL P. LOWRY, OSB # 214010
Michael.Lowry@wilsonelser.com
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Telephone: (702) 727-1267

Attorneys for Second Bite Foods, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| Luke Wesley Pearson, | Case No.: 3:22-cv-01563-YY |
| Plaintiff, | |
| v. | **SECOND BITE FOODS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |
| Daily Harvest, Inc., a foreign corporation; Second Bite Foods, Inc., d/b/a "Stone Gate Foods," a foreign corporation; and Smirk's Ltd., a foreign corporation | |
| Defendants. | |

1. Second Bite Foods d/b/a Stone Gate Foods (herein Stone Gate Foods) admits it manufactured the Daily Harvest French Lentil and Leek Crumbles that are the subject of this action. Stone Gate Foods further admits that organic tara flour was supplied by Smirk's Ltd. for some batches of product. Stone Gate Foods denies the remaining allegations in paragraph 1 of Plaintiff's Amended Complaint.

2. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the first sentence of paragraph 2 of Plaintiff's Amended Complaint. Stone Gate Foods denies the remaining allegations in paragraph 2 of Plaintiff's Amended Complaint.

1

3.      Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiff's Amended Complaint.

4.      Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Amended Complaint.

5.      Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Plaintiff's Amended Complaint.

6.      Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiff's Amended Complaint.

7.      Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Amended Complaint.

8.      Stone Gate Foods admits that it is incorporated and a citizen of the State of Minnesota.  Stone Gate Foods denies the remaining allegations in paragraph 8 of Plaintiff's Amended Complaint.

9.      Stone Gate Foods admits it manufactures specialty foods, including Defendant Daily Harvest's French Lentil and Leek Crumbles but denies the remaining allegations in paragraph 9 of Plaintiff's Amended Complaint.

10.      Stone Gate Foods admits it does business as Stone Gate Foods, and that it has a website that speaks for itself.  Stone Gate Foods denies the remaining allegations in paragraph 10 of Plaintiff's Amended Complaint.

11.      Stone Gate Foods denies the allegations in paragraph 11 of Plaintiff's Amended Complaint.

12.      Stone Gate Foods admits the allegations in paragraph 12 of Plaintiff's Amended Complaint.

276992370v.2

13.     Stone Gate Foods denies the allegations in paragraph 13 of Plaintiff's Amended Complaint.

14.     Stone Gate Foods admits it manufactured the French Lentil and Leek Crumbles that are the subject of this matter but denies the remaining allegations in paragraph 14 of Plaintiff's Amended Complaint.

15.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Amended Complaint.

16.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Amended Complaint.

17.     Stone Gate Foods admits organic tara flour was supplied by Smirk's Ltd. for some batches of product, but denies that Smirk's Ltd. was the sole supplier of organic tara flour.  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of Plaintiff's Amended Complaint.

18.     Stone Gate Foods denies any allegations that it had knowledge regarding where the French Lentil and Leek Crumbles would be sold.  Stone Gate Food lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 18 of Plaintiff's Amended Complaint.

19.     Stone Gate Foods denies any allegations that it had knowledge regarding where the French Lentil and Leek Crumbles would be distributed.  Stone Gate Food lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 19 of Plaintiff's Amended Complaint.

20.     Stone Gate Foods denies Plaintiff suffered any injury from the consumption of the French Lentil and Leek Crumbles.   The remaining allegations in paragraph 20 of Plaintiff's

276992370v.2

Amended Complaint are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, those allegations are denied.

21.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Amended Complaint.

22.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's Amended Complaint.

23.     The allegations in paragraph 23 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, those allegations are denied.

24.     The allegations in paragraph 24 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, those allegations are denied.

25.     Stone Gate Foods denies the allegations in paragraph 25 of Plaintiff's Amended Complaint.

26.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiff's Amended Complaint.

27.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Amended Complaint as these allegations are written in passive voice it is not clear to whom such "representations" were allegedly made.

28.     Stone Gate Foods denies the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29.     Stone Gate Foods denies the allegations in paragraph 29 of Plaintiff's Amended Complaint.

276992370v.2

30.     Stone Gate Foods denies the allegations in paragraph 30 of Plaintiff's Amended Complaint.

31.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Amended Complaint.

32.     Stone Gate Foods denies the allegation that the French Lentil and Leek Crumbles were not safe for consumption and caused consumers to experience any symptoms. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of Plaintiff's Amended Complaint.

33.     Stone Gate Foods denies the allegation that there was any health related risk associated with the consumption of the French Lentil and Leek Crumbles. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of Plaintiff's Amended Complaint.

34.     Stone Gate Foods denies the allegation that there was a potential danger associated with consuming the French Lentil and Leek Crumbles. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of Plaintiff's Amended Complaint.

35.     Stone Gate Foods denies the French Lentil and Leek Crumbles were contaminated, caused serious illness, and/or were unsafe for consumption. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of Plaintiff's Amended Complaint.

36.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Amended Complaint.

276992370v.2

37.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Plaintiff's Amended Complaint.

38.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Amended Complaint.

39.     The allegations in paragraph 39 of Plaintiff's Amended Complaint are conclusions of law to which no answer is required.  To the extent an answer is deemed necessary, those allegations are denied.

40.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiff's Amended Complaint.

41.     Upon information and belief, Stone Gate Foods admits Daily Harvest initiated a recall of its French Lentil and Leek Crumbles on June 17, 2022.  Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of Plaintiff's Amended Complaint.

42.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Amended Complaint.

43.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Plaintiff's Amended Complaint.

44.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of Plaintiff's Amended Complaint.

45.     Stone Gate Foods denies the French Lentil and Leek Crumbles were contaminated. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of Plaintiff's Amended Complaint.

46. Stone Gate Foods denies the French Lentil and Leek Crumbles caused Plaintiff's alleged illness. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of Plaintiff's Amended Complaint.

47. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of Plaintiff's Amended Complaint.

48. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Plaintiff's Amended Complaint.

49. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of Plaintiff's Amended Complaint.

## FIRST CLAIM COUNT ONE

50. Stone Gate Foods incorporates by reference into its Answer to paragraph 50, its responses to paragraphs 1 through 48 of Plaintiff's Amended Complaint as if fully set forth herein.

51. Stone Gate Foods admits it manufactured the French Lentil and Leek Crumbles that are the subject of this matter but denies the remaining allegations in paragraph 51 of Plaintiff's Amended Complaint.

52. Stone Gate Foods denies the allegations in paragraph 52 of Plaintiff's Amended Complaint.

53. Stone Gate Foods denies the allegations in paragraph 53 of Plaintiff's Amended Complaint.

54. Stone Gate Foods denies the allegations in paragraph 54 of Plaintiff's Amended Complaint.

55. Stone Gate Foods denies the allegations in paragraph 55 of Plaintiff's Amended Complaint.

7

56.     Stone Gate Foods denies the allegations in paragraph 56 of Plaintiff's Amended Complaint.

57.     Stone Gate Foods denies the allegations in paragraph 57 of Plaintiff's Amended Complaint.

58.     Stone Gate Foods denies the allegations in paragraph 58 of Plaintiff's Amended Complaint.

59.     Stone Gate Foods denies the allegations in paragraph 59 of Plaintiff's Amended Complaint.

60.     Stone Gate Foods denies the allegations in paragraph 60 of Plaintiff's Amended Complaint.

61.     Stone Gate Foods denies the allegations in paragraph 61 of Plaintiff's Amended Complaint.

62.     Stone Gate Foods denies the allegations in paragraph 62 of Plaintiff's Amended Complaint.

63.     Stone Gate Foods denies the consumption of the French Lentil and Leek Crumbles caused Plaintiff to experience any symptoms or illness. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of Plaintiff's Complaint.

64.     Stone Gate Foods denies the consumption of the French Lentil and Leek Crumbles caused Plaintiff to experience any symptoms or illness. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of Plaintiff's Complaint.

276992370v.2

65. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65 of Plaintiff's Amended Complaint.

66. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66 of Plaintiff's Amended Complaint.

67. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of Plaintiff's Amended Complaint.

68. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiff's Amended Complaint.

69. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 69 of Plaintiff's Amended Complaint.

70. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 70 of Plaintiff's Amended Complaint.

71. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71 of Plaintiff's Amended Complaint.

72. Stone Gate Foods denies the consumption of the French Lentil and Leek Crumbles caused Plaintiff and/or anyone else to experience any symptoms or illness. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of Plaintiff's Complaint.

73. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73 of Plaintiff's Amended Complaint.

74. Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74 of Plaintiff's Amended Complaint.

75.     Stone Gate Foods denies the allegations in paragraph 75 of Plaintiff's Amended Complaint.

76.     Stone Gate Foods denies the allegations in paragraph 76 of Plaintiff's Amended Complaint.

77.     Stone Gate Foods denies the allegations in paragraph 77 of Plaintiff's Amended Complaint.

78.     Stone Gate Foods denies the allegations in paragraph 78 of Plaintiff's Amended Complaint.

## FIRST CLAIM COUNT TWO

79.     Stone Gate Foods incorporates by reference into its Answer to paragraph 79, its responses to paragraphs 1 through 78 of Plaintiff's Amended Complaint as if fully set forth herein.

80.     Stone Gate Foods denies the allegations in paragraph 80 of Plaintiff's Amended Complaint, including each and every subpart.

81.     Stone Gate Foods denies the allegations in paragraph 81 of Plaintiff's Amended Complaint.

## FIRST CLAIM COUNT THREE

82.     Stone Gate Foods incorporates by reference into its Answer to paragraph 82, its responses to paragraphs 1 through 81 of Plaintiff's Amended Complaint as if fully set forth herein.

83.     Stone Gate Foods denies the allegations in paragraph 83 of Plaintiff's Amended Complaint.

84.     The allegations in paragraph 84 of Plaintiff's Amended Complaint are conclusions of law to which no answer is required.  To the extent an answer is deemed necessary, those allegations are denied.

276992370v.2

85.     Stone Gate Foods denies the allegations in paragraph 85 of Plaintiff's Amended Complaint.

## SECOND CLAIM COUNT ONE

86.     Stone Gate Foods incorporates by reference into its Answer to paragraph 86, its responses to paragraphs 1 through 85 of Plaintiff's Amended Complaint as if fully set forth herein.

87.     Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 87 of Plaintiff's Amended Complaint.

88.     Stone Gate Food lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 88 of Plaintiff's Amended Complaint.

89.     Stone Gate Foods denies the allegations in paragraph 89 of Plaintiff's Amended Complaint.

90.     Stone Gate Foods denies Plaintiff's consumption of the French Lentil and Leek Crumbles made him sick. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 of Plaintiff's Amended Complaint.

## SECOND CLAIM COUNT TWO

91.     Stone Gate Foods incorporates by reference into its Answer to paragraph 91, its responses to paragraphs 1 through 90 of Plaintiff's Amended Complaint as if fully set forth herein.

92.     The allegations in paragraph 92 of Plaintiff's Amended Complaint are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, those allegations are denied.

93.     Stone Gate Foods admits it manufactured the Daily Harvest French Lentil and Leek Crumbles that are the subject of this action. Stone Gate Foods further admits that organic tara

flour was supplied by Smirk's Ltd. for some batches of product. Stone Gate Foods denies the remaining allegations in paragraph 93 of Plaintiff's Amended Complaint.

94.     Stone Gate Foods denies the allegations in paragraph 94 of Plaintiff's Amended Complaint.

95.     Stone Gate Foods denies the allegations in paragraph 95 of Plaintiff's Amended Complaint, including each and every subpart.

96.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 96 of Plaintiff's Amended Complaint.

97.     Stone Gate Foods denies the allegations in paragraph 97 of Plaintiff's Amended Complaint.

98.     Stone Gate Foods denies the allegations in paragraph 98 of Plaintiff's Amended Complaint.

### SECOND CLAIM COUNT THREE

99.     Stone Gate Foods incorporates by reference into its Answer to paragraph 99,  its responses to paragraphs 1 through 98 of Plaintiff's Amended Complaint as if fully set forth herein.

100.    Stone Gate Foods denies the allegation that the French Lentil and Leek Crumbles were not fit for consumption but lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 100 of Plaintiff's Amended Complaint.

101.    Stone Gate Foods denies the allegations in paragraph 101 of Plaintiff's Amended Complaint.

102.    The allegations in paragraph 102 of Plaintiff's Amended Complaint are conclusions of law to which no answer is required.  To the extent an answer is deemed necessary, Stone Gate

276992370v.2

Foods lacks knowledge and information sufficient to form a belief as to the truth of those allegations.

103.     The allegations in paragraph 103 of Plaintiff's Amended Complaint are conclusions of law to which no answer is required.

104.     Stone Gate Foods denies the allegations in paragraph 104 of Plaintiff's Amended Complaint.

105.     Stone Gate Foods denies the allegations in paragraph 105 of Plaintiff's Amended Complaint.

## THIRD CLAIM

106.     Stone Gate Foods incorporates by reference into its Answer to paragraph 106, its responses to paragraphs 1 through 105 of Plaintiff's Amended Complaint as if fully set forth herein.

107.     Stone Gate Foods denies the allegations in paragraph 107 of Plaintiff's Amended Complaint.

108.     Stone Gate Foods denies the allegations in paragraph 108 of Plaintiff's Amended Complaint.

109.     Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 109 of Plaintiff's Amended Complaint.

110.     Stone Gate Foods denies the allegations in paragraph 110 of Plaintiff's Amended Complaint.

111.     Stone Gate Foods denies the allegations in paragraph 111 of Plaintiff's Amended Complaint.

276992370v.2

## FOURTH CLAIM

112.     Stone Gate Foods incorporates by reference into its Answer to paragraph 112, its responses to paragraphs 1 through 111 of Plaintiff's Amended Complaint as if fully set forth herein.

113.     Stone Gate Foods denies the allegations in paragraph 113 of Plaintiff's Amended Complaint.

114.     Stone Gate Foods denies the allegations in paragraph 114 of Plaintiff's Amended Complaint.

115.     Stone Gate Foods denies the allegations in paragraph 115 of Plaintiff's Amended Complaint.

116.     Stone Gate Foods denies the allegations in paragraph 116 of Plaintiff's Amended Complaint.

## CLAIM FOR PUNITIVE DAMAGES

117.     Stone Gate Foods does not answer paragraph 117 of Plaintiff's Amended Complaint as it is not directed at Stone Gate Foods.  To the extent an answer is deemed necessary, Stone Gate Foods denies the allegations in paragraph 117 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defenses, Stone Gate Foods states as follows:

### First Affirmative Defense

This Court lacks personal jurisdiction over Stone Gate Foods, and for this reason, the Complaint should be dismissed as to Stone Gate Foods pursuant to FRCP Rule 12(b)(2).

276992370v.2

## Second Affirmative Defense

The Amended Complaint and each count thereof fails to state a claim upon which relief may be granted against Stone Gate Foods as Stone Gate Foods neither had nor breached any duty of care to Plaintiff.  Stone Gate Foods duty of care was limited to its contractual obligations with Daily Harvest, which Stone Gate Foods did not breach.

## Third Affirmative Defense

Stone Gate Foods denies each and every allegation of the Amended Complaint not otherwise expressly admitted, above, and demands strict proof thereof.

## Fourth Affirmative Defense

Plaintiff's claims separately and severally, are barred by the doctrines of laches, estoppel, and waiver.

## Fifth Affirmative Defense

Plaintiff's alleged injuries and damages, if any, were not the result of any action or omission on the part of Stone Gate Foods but rather by reason of an idiosyncratic nature, other reaction, or Plaintiff's pre-existing and/or subsequent conditions, disease, or disabilities, over and of which Stone Gate Foods had no knowledge or control.

## Sixth Affirmative Defense

This lawsuit is barred by preemption of Plaintiff's claims under federal law, regulations, statutes, or agency action because the food product at issue was in compliance with all federal, legislative, regulatory, and administrative standards and requirements relating to the product.  This

276992370v.2

lawsuit is also barred, in whole or in part, by the deference given to the primary jurisdiction of the FDA over the subject product under applicable federal laws, rules, and regulations.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the alleged product complied with all applicable laws and regulations to which the product was in any way subject.

## Eighth Affirmative Defense

Plaintiff's claims are barred because the French Lentil and Leek Crumbles manufactured by Stone Gate Foods were fit for their ordinary and intended purposes.

## Ninth Affirmative Defense

If any product manufactured by Stone Gate Foods was involved as alleged, the use of such product was not proper, was not in accordance with the procedures provided, including procedures associated with the preparation of the product, and therefore the product was altered and/or misused by a party outside the control of Stone Gate Foods.

## Tenth Affirmative Defense

If Plaintiff should prove that she sustained injuries, such injuries resulted from acts or omissions on the part of third parties over whom Stone Gate Foods had neither control nor right of control and any such liability of Stone Gate Foods, which is denied, should be reduced by the percentage of fault of these third parties.

## Eleventh Affirmative Defense

Plaintiff's failure to join an indispensable party.

276992370v.2

## Twelfth Affirmative Defense

Plaintiff's alleged injuries were caused, in whole or party, by his own negligence.

## Thirteenth Affirmative Defense

The alleged injuries and damages of Plaintiff are the sole and proximate consequence of misuse, abnormal use, or improper use of the product referred to in Plaintiff's Amended Complaint. Stone Gate Foods was not the proximate cause of Plaintiff's alleged injuries.

## Fourteenth Affirmative Defense

Plaintiff's claims may be barred by res judicata, release, limitations of express and/or implied warranties, and/or accord and satisfaction.

## Fifteenth Affirmative Defense

Plaintiff failed to mitigate his alleged damages.

## Sixteenth Affirmative Defense

Plaintiff's claims against Stone Gate Foods should be dismissed as they are intertwined with the claims against Daily Harvest and thus subject to the arbitration agreement contained in Daily Harvest's Terms of Use. Alternatively, this Court should stay this case in favor of any arbitration between Plaintiff and Daily Harvest.

## Seventeenth Affirmative Defense

If Plaintiff should prove that she sustained injuries, such injuries resulted from superseding and intervening causes over which Stone Gate Foods lacked any control.

276992370v.2

### Eighteenth Affirmative Defense

This case should be dismissed or transferred as the current forum is an improper venue or inconvenient venue in which to try this case.

### Nineteenth Affirmative Defense

Plaintiff's claims against Stone Gate Foods should be dismissed because there is no privity between Plaintiff and Stone Gate Foods.

### Twentieth Affirmative Defense

The claims against Stone Gate Foods are barred because the alleged defect in the product was unknown and could not reasonably be discerned by Stone Gate Foods as a contract manufacturer of the product.

### Twenty-First Affirmative Defense

The claims against Stone Gate Foods are barred because any warning to be provided in connection with the product was to be made by a responsible intermediary who is the distributor of that product, and not Stone Gate Foods.

### Twenty-Second Affirmative Defense

The claims against Stone Gate Foods are barred because Plaintiff has not and cannot exclude alternative reasonable causes of Plaintiff's alleged injury.

### Twenty-Third Affirmative Defense

Stone Gate Foods reserves the right to assert additional affirmative defenses that may arise through facts determined during the course of additional investigation and discovery.

276992370v.2

## REQUEST FOR RELIEF

Stone Gate Foods respectfully requests that this Court dismiss this action as to Stone Gate Foods and grant Stone Gate Foods any such other and further relief as this Court deems just and equitable.

Dated:   November 17, 2022          WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Michael Lowry*
Michael P. Lowry, OSB # 214010
michael.lowry@wilsonelser.com
Attorneys for Second Bite Foods, Inc.

276992370v.2