UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LUKE WESLEY PEARSON,

               Plaintiff,

    v.

DAILY HARVEST, INC., SECOND BITE FOODS,
INC., d/b/a "STONE GATE FOODS", and
SMIRK'S LTD,

               Defendants.

Case No. 3:22-cv-1563-YY

OPINION AND ORDER

YOU, Magistrate Judge.

      This action arises from plaintiff's consumption of defendant Daily Harvest, Inc.'s French

Lentil + Leek Crumbles and his subsequent injuries. Defendants Daily Harvest, Inc. ("Daily

Harvest") and Smirk's Ltd. ("Smirk's") have filed motions to transfer this matter to the Southern

District of New York pursuant to 28 U.S.C. § 1404(a). ECF 21; ECF 27. Smirk's further asserts

that this action should be transferred under the first-to-file doctrine. Defendant Second Bite

Foods, Inc. d/b/a/ Stone Gate Foods ("Stone Gate Foods") has consented to the motions to

transfer. ECF 29. Because judicial economy and efficiency, the risk of inconsistent decisions,

and the overall convenience to the parties and witnesses outweigh the inconvenience to plaintiff, the motions to transfer are granted.[1]

## I.    Transfer Under 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  By enacting this statute, the legislature sought to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).  To that end, the Ninth Circuit has specifically recognized that "[t]he feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties."  *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. Of California*, 503 F.2d 384, 389 (9th Cir. 1974) (internal citations omitted); *Cont'l Grain Co. v. The FBl-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.").

In *Jones v. GNC Franchising, Inc.*, the Ninth Circuit articulated a nonexclusive list of factors that the court may consider in determining whether transfer is appropriate:

---

[1] A decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is non-dispositive and within the scope of a magistrate judge's authority.  *See Kinney v. Gutierrez*, 709 F. App'x 453, 455 (9th Cir. 2017) (cited pursuant to Ninth Circuit Rule 36-3).

> (1) the location where the relevant agreements were negotiated and
> executed, (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum, (4) the respective parties'
> contacts with the forum, (5) the contacts relating to the plaintiff's
> cause of action in the chosen forum, (6) the differences in the costs
> of litigation in the two forums, (7) the availability of compulsory
> process to compel attendance of unwilling non-party witnesses,
> and (8) the ease of access to sources of proof.

211 F.3d 495, 498–99 (9th Cir. 2000).  Ultimately, the court must undertake an "individualized,

case-by-case consideration of convenience and fairness."  *Stewart Org. v. Ricoh Corp.,* 487 U.S.

22, 29 (1988).

As the parties acknowledge, the threshold inquiry under § 1404(a) is whether this action

"might have been brought" in the Southern District of New York.  Resp. 10, ECF 35; Daily

Harvest Reply 2, ECF 44; Smirk's Reply 7, ECF 46; *see Van Dusen*, 376 U.S. at 617

(considering "at the outset" whether law of transferee forum rendered the forum "impermissible

under the 'might-have-been-brought' limitation").  The parties dispute whether the court should,

for the purpose of this inquiry, look to plaintiff's original complaint or the amended complaint,

which adds defendants Stone Gate Foods and Smirk's.  Defendants posit that jurisdiction would

have been proper in the Southern District of New York because Daily Harvest, which maintains

its principal place of business in New York, was the only defendant named in the original

complaint.  Daily Harvest Reply 3, ECF 44; Smirk's Reply 8, ECF 46.  Plaintiff, arguing that the

amended complaint controls, asserts that the Southern District of New York would not have had

personal jurisdiction over defendants Stone Gate Foods and Smirk's because these entities are

domiciled in Minnesota and Colorado, respectively.  Resp. 12, ECF 35.

In support of its argument that the original complaint controls, Daily Harvest points to

Moore's Federal Practice, which states: "The 'might have been brought' language means that the

proposed transferee district must be one in which the plaintiff properly could have filed the

action *initially*." 17 Moore's Federal Practice § 111.12(4)(a) (2022) (emphasis added). However, Moore's goes on to state: "Accordingly, the transferor court may not transfer an action unless it first determines that, at the time the action was originally filed . . . , the transferee court would have had proper venue, subject matter jurisdiction, and personal jurisdiction *over the parties*." *Id.* (emphasis added).  Here, the parties include Stone Gate Foods and Smirk's, who were added when the amended complaint was filed.  Therefore, plaintiff's argument that the amended complaint controls arguably has some merit.  Otherwise, a newly named defendant could be transferred with a case to a different jurisdiction pursuant to § 1404(a), only to be dismissed there for lack of personal jurisdiction.  Stated differently, it makes sense to determine whether all of the parties are subject to personal jurisdiction in the transferee jurisdiction before making transfer a case pursuant to § 1404(a).

In any event, the court does not need to reach a decision on whether the original complaint or amended complaint is the determinative document under § 1404(a); even if the court looks to the amended complaint, Stone Gate Foods and Smirk's have provided a basis for personal jurisdiction in the Southern District of New York.  New York's long arm statute provides "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: transacts any business within the state or *contracts anywhere to supply goods or services in the state*."  N.Y. C.P.L.R. § 302(a)(1) (emphasis added). Additionally, a "choice of law clause is a significant factor in a personal jurisdiction analysis because the parties, by so choosing, invoke the benefits and protections of New York law."  *See Zibiz Corp. v. FCN Tech. Sols.*, 777 F. Supp. 2d 408, 421 (E.D.N.Y. 2011).

The cause of action in this case arises from contracts between defendants to supply ingredients for and produce the French Lentil + Leek Crumbles.  Smirk's Am. Mot. Transfer 12, ECF 27; Silver Decl. ¶ 4, ECF 45 (describing Stone Gate Foods as "the supplier" of the ingredients and Smirk's as "the manufacturer" of the product).  Also, Smirk's contract with Daily Harvest includes a New York choice of law provision.  Beyer Decl., Ex. G, ¶ 21, ECF 47.  Thus, plaintiff "might have . . . brought" this action in the Southern District of New York against all of the defendants, and the threshold issue under § 1404(a) is satisfied.

Moreover, personal jurisdiction is a waivable right.  *See Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1166 (9th Cir. 2016) (recognizing that a defendant may waive lack of personal jurisdiction); FED. R. CIV. P. 12(h)(1) (indicating a party waives a challenge based on personal jurisdiction by failing to make a Rule 12 motion or disputing it in a responsive pleading).  In the Southern District of New York, dozens of similar cases have been filed against Stone Gate Foods and Smirk's, and are proceeding through discovery.  Daily Harvest Mot. Transfer 10, ECF 21; Smirk's Am. Mot. Transfer 19, ECF 27; *see, e.g.*, *Thomas v. Daily Harvest, Inc., et al.*, 1:23-cv-2607.  Plaintiff argues that Stone Gate Foods and Smirk's should not be allowed to "consent" to personal jurisdiction for purposes of manipulating transfer pursuant to § 1404(a).  *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff.").  But most, if not all, of the pending Southern District of New York cases were filed by the plaintiffs in that district.  This is not a situation where plaintiff's case is the only pending case and defendants are manipulating transfer to another district by consenting to personal jurisdiction in that district.

Next, the interests of justice and the convenience of the parties and witnesses are best served by transfer.  Keeping this case in this district would permit precisely the scenario that the Supreme Court and Ninth Circuit caution against, and that the legislature sought to avoid in enacting § 1404(a).  Currently, pending before a single judge in the Southern District of New York, there are more than 50 cases in which the plaintiffs claim they were injured by Daily Harvest's French Lentil + Leek Crumbles, and this pool continues to grow.[2]  *See, e.g.*, *Thomas v. Daily Harvest, Inc., et al.*, 1:23-cv-2607 (filed March 28, 2023); *Street v. Daily Harvest, Inc., et al.*, 1:23-cv-2466 (filed March 23, 2023).  Like plaintiff here, the plaintiffs in those cases assert theories of liability based on defendants' distribution of an unsafe product to consumers and violations of food safety regulations.  Notice of Removal, Ex. A, 57–75, ECF 1 ("Am. Compl.");  *see, e.g.*, *Thomas v. Daily Harvest, Inc., et al.*, 1:23-cv-2607; *Greene v. Daily Harvest, Inc., et al.*, 1:23-cv-02038.  Given the substantial overlap between the cases, judicial resources and efficiency are better served by having the legal issues resolved by the same judge who is presiding over the other cases pending in the Southern District of New York.[3]

---

[2] Furthermore, the judge presiding over those cases has expressed a clear intent to coordinate case matters, including discovery, across all related pending cases in federal and state court.  *Albright v. Daily Harvest, Inc., et al.*, 1:22-cv-05987, ECF 54 (order requesting information on all related cases, contact information for judges presiding over such cases, and proposed coordination order).

[3] Courts in this circuit consistently transfer cases to jurisdictions where multiple related cases are pending, frequently citing efficiency and convenience concerns.  *See, e.g.*, *Friedman v. PopSugar, Inc.*, No. 218CV05888CASMAAX, 2018 WL 6016963, at *10 (C.D. Cal. Oct. 29, 2018) ("Given the existence of three related cases already pending in that district, judicial efficiency strongly weighs in favor of transferring this matter to the Northern District of California."); *Hernandez v. Equifax Info. Servs., LLC*, No. C-05-03996 RMW, 2006 WL 1141338, at *3 (N.D. Cal. Apr. 28, 2006) (same); *Martin v. California Tchrs. Ass'n*, No. 2:18-CV-01951-MCE-AC, 2018 WL 6430582, at *1 (E.D. Cal. Oct. 17, 2018) (same); *Travelers Prop. Cas. Co. of Am. v. Expeditors Int'l of Washington, Inc.*, No. 2:21-CV-01184-JHC, 2022 WL 4109101, at *5 (W.D. Wash. Sept. 8, 2022) ("Transfer to the SDNY, where

Additionally, the Southern District of New York is, overall, the more convenient forum for the parties and witnesses.  Stone Gate Foods and Smirk's have filed responsive pleadings in the pending Southern District of New York cases and are already proceeding with discovery and pre-trial matters there.  Daily Harvest Mot. Transfer 10, ECF 21; Smirk's Am. Mot. Transfer 19, ECF 27.  Key decision makers at Daily Harvest, who have knowledge that bears on the issues of this case, reside in New York or regularly travel to New York.  Silver Decl., ECF 45 (listing present and former Daily Harvest employees involved in the "research and development," "production and launch," "procurement process of raw materials," and customer communications regarding the French Lentil + Leek Crumbles, and the events leading up to Daily Harvest's recall of the product).  Plaintiff argues that keeping this case in this district is more convenient for him because he resides here and has received medical treatment here.  Resp. 13, ECF 35.  But the convenience to plaintiff in trying this case in this district is outweighed by judicial efficiency, which is furthered by transfer.  *See Allen v. Scribner*, 812 F.2d 426, 436 (9th Cir.), *amended*, 828 F.2d 1445 (9th Cir. 1987) (finding that district court did not abuse its discretion in denying motion despite possible inconvenience to witnesses because transfer would have led to delay); *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 968 (9th Cir. 1978) (holding convenience of witnesses was outweighed by consideration of duration of pendency of the litigation prior to the motion to transfer).

Finally, on balance, the *Jones* factors also weigh in favor of transfer.  Of those factors, only plaintiff's decision to file his complaint in Oregon and the possibility that plaintiff will bear additional costs to litigate in a foreign district push the needle in plaintiff's favor.  Simply put,

---

related cases are pending, promotes efficiency and avoids duplicative and potentially inconsistent proceedings in multiple districts.").

the thrust of this action took place in New York—that is where the product was developed and where key decisions regarding the product were made, including the sourcing of the raw materials, and the development, production, and marketing of the product.  Silver Decl., ECF 45; Daily Harvest Mot. Transfer 17–18, ECF 21; Smirk's Am. Mot. Transfer 18, ECF 27.  New York possesses the ability to compel testimony by these witnesses, which include former employees, who may be reluctant to testify against their prior employer and colleagues.  Silver Decl. ¶ 3, ECF 45.  Additionally, the parties' briefing suggests that the central issue in this case is not the type or extent of plaintiff's injuries but rather the apportionment and extent of defendants' liability for the contaminated product.  *See* 17 Moore's Federal Practice § 111.113(c)(ii) (2022) ("[I]n a products liability action alleging negligent design and manufacture, the place where the injury occurred may be relatively unimportant, as compared to where the design and manufacture of the product took place.").  Thus, evidence is more readily available in New York, where the defendants are defending related claims, and where Daily Harvest is headquartered, rather than in Oregon, which houses only evidence related to plaintiff's medical condition and treatment. Pearson Decl. ¶¶ 14–18, ECF 37.

In sum, the interests of justice and the overall convenience to the parties and witnesses, as well as the *Jones* factors, strongly favor transfer.

## II.    First-to-File Rule

Smirk's asserts that the first-to-file rule provides a secondary basis for transferring this matter to the Southern District of New York.  Smirk's Am. Mot. Transfer 23, ECF 27.  The first-to-file rule permits a district court to transfer proceedings if "a similar case with substantially similar issues and parties was previously filed in another district court."  *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *Alltrade, Inc. v. Uniweld*

*Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  Because transfer is appropriate under § 1404(a),

the court need not reach the issue of the applicability of the first-to-file rule.

## ORDER

The motions to transfer filed by Daily Harvest and Smirk's LTD (ECF 21; ECF 27) are

GRANTED.  This case shall be transferred to the Southern District of New York.

IT IS SO ORDERED.

Dated April 12, 2023.

_____
/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge